```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DANTE SELBY, | No. 20-cv-5281 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| MUNICIPALITY OF ATLANTIC COUNTY JUDICIAL COURT, | |
| Defendant. | |

APPEARANCE:

Dante Selby
517 Penn Street
Camden, NJ 08102

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Dante Selby seeks to bring a complaint pursuant to 42 U.S.C. § 1983 against the Atlantic County Municipal Court, specifically Judges Sandson and Waldman.  ECF No. 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the claims against the judges will be dismissed with prejudice, and the claims against Atlantic County will be dismissed without prejudice.

I.     BACKGROUND

According to the complaint, Judge Sandson told Plaintiff he would be evaluated for participation in drug court.  ECF No. 1 at 5.  "[T]he first task evaluation was not a success, so I acquired a private evaluation [and] went back in front of Sandson and was told that I was approved . . . ."  Id.  Plaintiff was told he had to "acquire a level of care" and that he would receive 3 years incarceration if he violated the program.  Id. at 5-6.

Four weeks later Plaintiff appeared before Judge Waldman where he learned that the state had taken back the deal.  Id. at 6.  Plaintiff's lawyer asked for more time to apply for special probation since they had not been informed of the change in circumstances.  Id.  "Judge Waldman agree [sic] but still insisted I would not get it."  Id.  Plaintiff alleges Judge Waldman later sentenced him for violating drug court even though he never participated in it.  Id.  He alleges Judge Sandson never warned him "the deal was forfeited or would be taken off the table if a level of care wasn't attained by Judge Marc Sandson . . . ."  Id.

II.    STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'"  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991)).  "A judge will not be deprived of

3

immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978).  See also Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial.").  As judges of a municipal court, Judge Sandson and Judge Waldman are "absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors."  Stump, 435 U.S. at 359.  See also Figueroa, 208 F.3d at 440-43 (extending judicial immunity to municipal court judges).

"[Judicial] immunity is overcome in only two sets of circumstances."  Mireles, 502 U.S. at 11.  "First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity."  Id.  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Id. at 12.

Plaintiff's claim against the Judge Sandson concerns the failure to inform him of the possibility that the deal for Plaintiff to enroll in drug court would be revoked.  Plaintiff alleges Judge Waldman sentenced Plaintiff for violating drug court even though Plaintiff did not participate in drug court. In determining whether an act qualifies as a "judicial act,"

4

courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in [her] judicial capacity."  Stump, 435 U.S. at 362. Both judges' actions were part of their adjudication of Plaintiff's criminal charges and the exercise of their sentencing authority, a quintessential judicial function.  These actions were within their jurisdictions as municipal court judges, so neither exception to absolute judicial immunity applies.

Plaintiff includes the Atlantic County Court itself as a defendant; the Court construes this claim as being filed against Atlantic County.  "There is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents.  Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation."  Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. N.Y.C. Dep't of Social Services, 436 U.S. 658, 691 (1978)).  See also Collins v. City of Harker Heights, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

To state a Monell claim, Plaintiff must plead facts showing that the relevant Atlantic County policymakers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Kirkland v. DiLeo, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

Plaintiff has not identified a policy or custom that would suggest Atlantic County was responsible for any injury. The Court will dismiss this claim without prejudice, and Plaintiff may move to amend this claim.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

6

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.  The amended complaint may not include any claims that the Court dismissed with prejudice.

IV. CONCLUSION

For the reasons above, the claims against Judge Sandson and Judge Waldman will be dismissed with prejudice as they are immune from suit.  The claims against Atlantic County will be dismissed without prejudice with leave to amend.

An appropriate order follows.


Dated: December 31, 2020                __s/ Noel L. Hillman_____
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

7